FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 FEB 14  P 2: 19

DOUGLAS ALEXANDER WALKER,

    Plaintiff,

                                                        Case No. 3:05-cv-760-J-LOHTS

v.

DALLAS PALECEK, in his official
and individual capacities, and
NASSAU COUNTY SHERIFF
TOMMY SEAGRAVES, in his official
capacity,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss Defendants Sheriff Tommy Seagraves and Sheriff's Deputy Dallas Palecek, In Their Official Capacities. (Doc. No. 8, filed September 1, 2005.) Plaintiff Douglas Alexander Walker responded in opposition on December 2, 2005. (Doc. No. 9.)

### I. Factual Background

This case concerns the underlying facts in the arrest and prosecution of Plaintiff in state court. On February 26, 2003, Defendant Sheriff's Deputy Palecek submitted an affidavit to a state court judge for an arrest warrant stating that he had made two undercover purchases of crack cocaine from Plaintiff on February 19, 2003. (Compl. ¶ 7-8.) Subsequently, an arrest warrant was issued and Plaintiff was arrested on March 1, 2003. (Compl. ¶ 13-14.) Plaintiff was held in state custody and proceeded to trial on February 4, 2004. (Compl. ¶ 18, 23.) On

February 11, 2004, the State Attorney's Office entered a *nolle pros* as to the charges against Plaintiff when Defendant Palecek stated that he could not identify Plaintiff as the person who had sold him crack cocaine. (Compl. at ¶ 24.) As a result, all criminal proceedings were terminated in Plaintiff's favor and he was released from custody. (Compl. at ¶ 25.)

Plaintiff contends that Defendant Palecek's affidavit contained false statements regarding the identity of the seller of crack cocaine and that Defendant Palecek failed or refused to conduct a sufficient investigation to determine the identity of the seller of crack cocaine. (Compl. at ¶ 9-12.) Plaintiff further argues that Defendant Palecek testified falsely on deposition and at the suppression hearing by stating that he was "100% sure" that Plaintiff was the same person who sold him crack cocaine. (Compl. at ¶ 19-21.)

Based on the arrest and prosecution, Plaintiff has brought this multi-count complaint against Defendant Sheriff's Deputy Palecek and Nassau County Sheriff Tommy Seagraves in their official capacities and against Defendant Palecek individually under both 42 U.S.C. § 1983 and Florida state law alleging common law torts as well as violations of his constitutional rights. Defendants have moved to dismiss Plaintiff's claims against Defendants in their official capacities as government employees. Defendants do not address any claims made against them in their individual capacities.

## II. Standard of Review

In deciding a defendant's motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff. See e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Where no construction of the factual allegations will support the cause of action, however, the Court may dismiss the complaint as a matter of law. Marshall County Board of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The Federal Rules have adopted this simplified pleading approach because of "the liberal opportunity for discovery and other pretrial procedures...to disclose more precisely the basis of both claim and defense...." Conley, 355 U.S. at 47-78. The purpose of notice pleading is to reach a decision on the merits and avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." Id. at 48.

### III. Analysis

#### A. Official Capacity Claims under 42 U.S.C. § 1983

Defendants contend that all of Plaintiff's federal claims against Defendants in their official capacities should be dismissed because of insufficient allegations of fact to establish official capacity liability pursuant to 42 U.S.C. § 1983. The Court is not persuaded by Defendants' arguments.

First, Defendants argue that "Plaintiff cannot also bring suit against [an] individual Defendant in his official capacities." (Doc. No. 8 at 1.) To the contrary, long-standing settled law establishes that suits against public officials in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell

v. Dep't of Social Services, 436 U.S. 658, 691 (1978). Thus, suits against public officials should be treated as suits against the governmental entity. Hafer v. Melo, 502 U.S. 21, 25 (1991). As a result, Plaintiff can allege a cause of action against Defendant Seagraves in his official capacity.

Next, Defendants argue that Plaintiff fails to sufficiently allege municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).[1] (Doc. No. 8 at 4.) Municipal liability under Section 1983 can attach when the execution of a government's policy, custom, or practice causes a constitutional violation. Monell, 436 U.S. at 694. In Plaintiff's Complaint, Plaintiff alleged under Monell that Defendants instituted and followed customs, policies, and procedures which directly resulted in injury to Plaintiff and in the alternative, that injury was caused by a person with final policy making authority. (Doc. No. 1 at 5-6.)

Hence, under the liberal notice pleading standards embodied in Rule 8(a)(2) and based on the allegations set forth by Defendants, Plaintiff has stated a proper cause of action under 42 U.S.C. § 1983 against Defendants in their official capacities and Defendants' Motion to Dismiss (Doc. No. 8) is **DENIED.**

B. State Law Negligence Claims

Defendants contend that all of Plaintiff's state law claims against Defendants in their official capacities are barred and should be dismissed because of principles of sovereign immunity. The Court agrees in part and disagrees in part.[2]

---

[1] The Court notes that Defendants argue that the doctrine of *respondeat superior* may not be used for imposing municipal liability under Section 1983; however, Plaintiff does not allege municipal liability under Section 1983 based on the principle of *respondeat superior*.

[2] The Court notes that Defendants do not put forth arguments challenging the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to decide Plaintiff's state law claims.

Defendants argue that Defendant Seagraves is immune under principles of sovereign immunity for Plaintiff's state law claims for negligent training, supervision, or retention of Defendant Palecek and under the doctrine of *respondeat superior*. (Doc. No. 8 at 8-10.) To have an actionable negligence claim against a governmental entity, a plaintiff must allege that the governmental entity owed the plaintiff a common law or statutory duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001). The question of immunity arises when it is determined whether a defendant owed a duty of care to the plaintiff. Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla. 1989). If a duty is owed, the character of the allegedly negligent governmental act or omission must be ascertained as either a discretionary or operational function.[3] Wilson v. Miami-Dade County, 370 F. Supp. 2d 1250, 1254 (S.D. Fla. 2005). Discretionary governmental functions are immune from suit whereas, operational functions are not protected by sovereign immunity. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1117 (11th Cir. 2005).

Under common law, police officers do not owe individual citizens a duty for the enforcement of police power functions. Trainon Park Condo. Ass'n v. City of Hialeah, 468 So. 2d 912, 914-15 (Fla. 1985). However, there is a statutory duty under Florida law which provides that "when a defendant, including a police officer, by his or her conduct creates a foreseeable zone of risk, the law imposes a duty owed by the defendant to all individuals within the zone to

---

[3]The Florida Supreme Court has divided government functions into four categories: I. legislative, permitting, licensing, and executive officer functions; II. enforcement of laws and the protection of the public safety; III. capital improvements and property control operations; and IV. providing professional, educational, and general services for the health and welfare of the citizens. Trainon Park Condo. Ass'n v. City of Hialeah, 468 So. 2d 912, 919 (Fla. 1985). The governmental functions described in categories I and II are considered discretionary and thus, carry no duty of care or corresponding tort liability for government action or inaction. Id. at 921.

act with reasonable care." Lewis, 260 F.3d at 1263. Nonetheless, there is no duty of care for certain discretionary governmental functions. Trainon, 468 So. 2d at 917. A law enforcement officer's initial decision to arrest or detain a person is a discretionary governmental function which is immune from suit. Lewis, 260 F.3d at 1265. That being said, after the officer has made the initial decision to effect the arrest, the officer is no longer engaged in a discretionary function but rather is exercising an operational function. Id. Consequently, the officer "does not enjoy immunity for his negligent, operational level acts that follow the arrest or detention." Mosby v. Harrell, 909 So. 2d 323, 328 (Fla. Dist. Ct. App. 2005).

Here, Plaintiff's Complaint alleges negligence of Defendant Palecek for Plaintiff's arrest and prosecution. (Compl. ¶ 45-50.) Although Plaintiff cannot state a claim for negligent arrest, he can state a claim for negligence relating to the activities following the arrest. Lewis, 260 F.3d at 1265; Mosby, 909 So. 2d at 328. Additionally, under Florida law, "sheriffs are vicariously liable for the negligent acts of their deputies." Marshall v. Rice, No. 8:01-cv-2120-T-24 MAP, 2002 U.S. Dist. LEXIS 25820, at *28 (M.D. Fla. Nov. 11, 2002); Fla. Stat. § 30.07. Hence, Plaintiff can state a claim for negligence for activities following the arrest under the doctrine of *respondeat superior*.

Next, Defendants argue that Plaintiff's negligent training, supervision, and retention claim is barred under state law because of sovereign immunity. (Doc. No. 8 at 10.) Sovereign immunity "does not uniformly preclude claims against the state and its subsidiaries for negligent training and supervision." Mosby, 909 So. 2d at 330. However, a city's decision regarding how to train its officers is an exercise of governmental discretion regarding fundamental questions of policy and planning and is immune from suit. Lewis, 260 F.3d at 1266; Cook v. Sheriff of

Monroe County, 402 F.3d 1092 (11th Cir. 2005). Thus, Plaintiff does not have a claim for negligent training. Additionally, to state a claim for negligent supervision and retention of employees, a plaintiff must show that the defendant was put on notice of the harmful propensities of its employees. Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005). Because Plaintiff has not alleged that Defendant Seagraves knew or should have known that Defendant Palecek had "harmful propensities or was otherwise unfit to serve as a police officer," Plaintiff has not sufficiently stated a claim for negligent supervision and retention. Mercado, 407 F.3d at 1162. Thus, Plaintiff has not stated a proper cause of action for negligent supervision and retention but has stated a proper cause of action for negligence under the doctrine of *respondeat superior* under state law and Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall have **twenty-one (21) days** from the date of this Order to amend his complaint pursuant to Fed. R. Civ. P. 15(a) addressing the deficiencies described above.

### IV. Conclusion

1. The Defendants' Motion to Dismiss (Doc. No. 8) is **DENIED IN PART AND GRANTED IN PART**.

A. It is **GRANTED** as to Plaintiff's state law claim against Defendants for negligent arrest. Plaintiff's state law claim is **DISMISSED WITH PREJUDICE**.

B. It is **GRANTED** as to Plaintiff's state law claim against Defendants for negligent training. Plaintiff's state law claim is **DISMISSED WITH PREJUDICE**.

B. It is **GRANTED** as to Plaintiff's state law claims against Defendants for negligent

supervision and retention. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have **twenty-one (21) days** from the date of this Order to amend his complaint pursuant to Fed. R. Civ. P. 15(a) if he so chooses.

   C. It is **DENIED** as to Plaintiff's remaining state law claims against Defendants which include claims of negligence based on the doctrine of *respondeat superior*.

   D. It is **DENIED** as to Plaintiff's 42 U.S.C. § 1983 claims.

**DONE AND ENTERED** at Jacksonville, Florida, this /0*t* day of February, 2006.

                                        HARVEY E. SCHLESINGER
                                        United States District Judge

Copies to:
Keith C. Tischler, Esq.
Daniel A. Smith, Esq.